**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| IN RE:<br><br>THOMAS RAOUL WILLIAMSON and<br>JUDITH AYA WILLIAMSON,<br><br>Debtors. | NO. 18-10441<br><br>OBJECTION TO CLAIM NO. 4 OF GRASSMAN-MONTGOMERY ENTERPRISES, with NOTICE OF HEARING AND CERTIFICATE OF MAILING |

**OBJECTION TO CLAIM**

Thomas and Judith Williamson, Chapter 7 Debtors, through the undersigned counsel, object to Claim No. 4 (as amended, dated May 16, 2019) of Grasman-Montgomery Enterprises ("Claimant" or "GME").

GME's Proof of Claim for $296,106.38 is ambiguous. It states (in Section 9, "Is all or part of the claim secured?") that the amount of its claim that is secured is $100,000. The $196,106.38 balance is stated to be unsecured. However, on the Form 410A Mortgage Proof of Claim Attachment, included as part of the Proof of Claim, GME states that its secured claim includes a principal balance of $100,000, as well as fees and costs due of $63,217.49. Additionally, interest is claimed at 12%% per annum. The total asserted secured claim thus appears to be $178,784.82.

OBJECTION TO CLAIM - Page 1 of 7

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD    Doc 55    Filed 06/27/19    Ent. 06/27/19 14:37:24    Pg. 1 of 7

For the reasons stated herein, the Debtors object to the extent that GME asserts a secured claim for more than $100,000 plus accrued interest at 4.5% on that $100,000. The Debtors have no objection to whatever amount is claimed as unsecured.

This Objection is supported by the Declaration of Judith Williamson with exhibits attached.

**1. Status of collateral.**

The Williamsons filed this Chapter 7 case on February 2, 2018. They obtained their discharge on May 10, 2018. The case remains open. Nancy James is the Chapter 7 trustee.

The bankruptcy schedules (Doc. No. 14) reflect that at the time of filing, the Williamsons resided at 6506 38th Ave. SW, Seattle (the "Property"). They valued the Property at $721,782. They claimed a homestead exemption of $125,000 under Washington law. No objection was filed to the exemption claim.

Scheduled secured debt consists of two consensual liens in favor of Bank of America from 2007 totaling $394,330, and a 2014 Deed of Trust in favor of GME for $100,000. The amount of the GME secured claim thus affects whether there is any equity in the Property for unsecured creditors. The Williamsons are no longer residing in the Property and would like to see it sold. They continue to pay expenses for utilities and maintenance.

**2. Facts giving rise to GME's clam.**

In 2014, Thomas Williamson, a chiropractor, purchased a chiropractic clinic from Westwood Village Chiropractic, LLC ("WVC"), in a purchase financed by GME. Dr. Williamson signed a promissory note (the "Note") in favor of GME, for $223,650, dated September 13, 2014, copy attached to Ms. Williamson's Declaration as Exhibit A. The Williamsons executed a Deed of Trust against the Property that same date. Declaration Exhibit B, a copy of which is also attached to the Proof of Claim.

The Deed of Trust states (at middle of page 2) that it is being given "IN CONSIDERATION OF the sum lent to the Trustor [Tom Williamson] by the Beneficiary [GME], in the amount of $100,000.00

OBJECTION TO CLAIM - Page 2 of 7

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD    Doc 55    Filed 06/27/19    Ent. 06/27/19 14:37:24    Pg. 2 of 7

U.S. DOLLARS (the "Principal Amount")." It further states in Section 47: "The Trustor has executed a promissory note dated September, 13th, 2014 for $223,650.00 to be paid to the Beneficiary. This Deed of Trust secures $100,000.00 of the above mentioned promissory note."

The stated interest rate with respect to the $100,000 Principal Amount in the Deed of Trust is 4.50 percent, both before and after maturity and before and after default (Section 4). The maturity date is October 12, 2018 (Section 4.c.).

The Williamsons later filed a lawsuit related to the purchase and sale of the chiropractic business. GME filed a separate lawsuit against Dr. Williamson. The state court concluded that both matters needed to be arbitrated. The Williamsons then filed a Notice of Arbitration, raising a variety of claims and seeking determinations related to the legality of the business that was sold by WVC and financed by GME, violations of the Consumer Protection Act, and breach of contract. A summary of these claims is found in the Notice of Arbitration, Declaration Exhibit C. GME brought counterclaims seeking enforcement of the Note and a lease agreement associated with the business sale.

The matter went to a JAMS arbitration hearing before Hon. William L. Downing (Ret.) on November 28-30, 2017. The Final Award is at Declaration Exhibit D (also attached to the Proof of Claim). Judge Downing found that the Williamsons prevailed on several of their arguments, but lost on most, and found that GME and WVC were entitled to collect under the Note. The Arbitrator thus entered a net final award in favor of GME and WVC for $186,332.25 on the business sale, along with $40,403.74 under the lease agreement.

Further, Judge Downing found that GME had counterclaimed under the Note, which provided for an award of fees and costs "incurred…in enforcing this note." The precise language, Note ¶ 5, states:

> 5. All costs, expenses, and expenditures including, and without limitation, the complete attorneys' fees and costs incurred by Lender in enforcing this note as a result of any default by Borrower, will be added to the principal then outstanding and will immediately be paid by Borrower.

OBJECTION TO CLAIM - Page 3 of 7

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD    Doc 55    Filed 06/27/19    Ent. 06/27/19 14:37:24    Pg. 3 of 7

Accordingly, Judge Downing concluded that GME was entitled to fees and costs incurred with respect to enforcement of the Note, and awarded $61,183 in fees and costs in favor of GME and against the Williamsons. See pp. 14-15 of the Final Award.

**3. GME is not entitled to a secured claim for the amount in the Proof of Claim.**

**a. The fee award does not get added to the amount due under the Deed of Trust.**

The question for this Court is whether GME may add the arbitrator's fee award to the $100,000 Principal Amount that is secured by the Property. It is clear that GME may not do so. The fee award is unsecured.

The language of the Deed of Trust is unambiguous. It secures precisely $100,000 of the Note. It explicitly acknowledges that the amount due on the Note is much higher than $100,000. The parties plainly bargained for a limit on the amount of debt to be secured by the Property. Anything else owed on the Note is unsecured.

Further, even though Section 32 of the Deed of Trust provides for fees to be charged against the Trustor "in association with the default of this Trust or for the protection of the Beneficiary's interest for this Trust," the fees incurred by GME and awarded by Judge Downing had nothing to do with enforcement of the Deed of Trust.

In the Declaration of Scott Milburn, GME's counsel, in support of his fee request (Declaration Exhibit E), Mr. Milburn states that "the vast majority of my billable time was related to the promissory note and Dr. Williamson's breach of that note" (p. 2, ll. 9-10). He reiterates that at p. 2, ll. 20-21.

In addition, Mr. Milburn was the trustee under the Deed of Trust, and in that capacity faced a claim from the Williamsons regarding breach of duty. He defended against this claim, in his Post-Hearing Brief of Scott Milburn (Declaration Exhibit F), by arguing that he performed *no work whatsoever* on the Deed of Trust: "Here, as Milburn testified and the evidence, or lack thereof, shows, Milburn did not take a single step to initiate a non-judicial foreclosure….In fact, both Milburn and Dr.

OBJECTION TO CLAIM - Page 4 of 7

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD    Doc 55    Filed 06/27/19    Ent. 06/27/19 14:37:24    Pg. 4 of 7

Grasman testified that she never communicated with him in writing as trustee and never gave him any instructions to proceed with a sale." Post-Hearing Brief at 2:13-20. GME could not have incurred any fees needed to protect its interest as beneficiary under the Deed of Trust, because it never asked counsel to provide such services and no services were in fact provided.

The fee award relates exclusively to enforcement of the Note. None of it relates to enforcement of the Deed of Trust. Per Section 5 of the Note, the fees get added to the *principal of the Note*. Only $100,000 of that note principal is secured. The fee award is part of GME's unsecured claim.

**b. Interest under the Deed of Trust accrues at 4.5% after default.**

In addition to the incorrect inclusion of the fee award into the secured portion of the claim, the Proof of Claim appears to calculate interest at 12% on the $100,000 Principal Amount of the Deed of Trust. The Deed of Trust, however, states that the contracted-for 4.5% interest rate applies both before and after default. The Final Award in arbitration is silent on the interest rate with respect to the award. Even if the state law judgment interest rate might apply to a judgment on the Note, no award and no contract language permits an interest rate higher than 4.5% on the Principal Amount secured by the Deed of Trust.

**4. Conclusion.**

For these reasons, this Court should sustain the objection to claim with respect to any secured claim of GME against the Property that exceeds $100,000 plus interest at 4.5% running from the date of default. For purposes of this Objection, the Williamsons would agree that the date of default is the date of the Final Award. The balance of the GME claim may be allowed as a general unsecured claim.

DATED June 27, 2019.

        WENOKUR RIORDAN PLLC

        */s/ Alan J. Wenokur*
        _____
        Alan J. Wenokur, WSBA #13679
        Attorneys for Debtors

OBJECTION TO CLAIM - Page 5 of 7

ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD   Doc 55   Filed 06/27/19   Ent. 06/27/19 14:37:24   Pg. 5 of 7

# NOTICE OF HEARING

PLEASE TAKE NOTICE that the above Objection to Claim IS SET FOR HEARING as follows:

| | | | |
|---|---|---|---|
| **JUDGE**: | Timothy W. Dore | **DATE:** | August 9, 2019 |
| **PLACE**: | U.S. Bankruptcy Court<br>700 Stewart, Room 8106<br>Seattle, WA 98101 | **TIME**: | 9:30 a.m. |

IF YOU OPPOSE the Motion, you must file your written response with the Court Clerk, 700 Stewart St., Room 6301, Seattle, Washington 98101, and serve your response, NOT LATER THAN THE RESPONSE DATE, which is **August 2, 2019.**

**If no response is timely filed and served, the Court may, in its discretion, grant the motion prior to the hearing, without further notice, and strike the hearing.**

# CERTIFICATE OF MAILING

The undersigned certifies under penalty of perjury under the laws of the United States of America that the following is true and correct:

On June 27, 2019, I caused one copy of this document, along with the supporting Declaration of Judith Williamson with exhibits attached, to be mailed at the address shown, by first class mail, with postage prepaid and deposited in the U.S. Mail in Seattle, Washington:

Grasman-Montgomery Enterprises
Attn: Scott Milburn
22525 SE 64th Pl., Suite 2276
Issaquah, WA 98027

OBJECTION TO CLAIM - Page 6 of 7

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD    Doc 55    Filed 06/27/19    Ent. 06/27/19 14:37:24    Pg. 6 of 7

The same was emailed to smilburn@advocateslg.com.

DATED June 27, 2019, at Seattle, Washington.

*/s/ Shelby Smith*

_____
Shelby Smith, Legal Assistant

OBJECTION TO CLAIM - Page 7 of 7

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD    Doc 55    Filed 06/27/19    Ent. 06/27/19 14:37:24    Pg. 7 of 7