The Honorable Timothy W. Dore
Chapter 7
Hearing: August 9, 2019, 9:30 a.m.
Seattle
Response due: August 2, 2019

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>THOMAS RAOUL WILLIAMSON and<br>JUDITH AYA WILLIAMSON,<br><br>Debtors. | NO. 18-10441<br><br>REPLY IN SUPPORT OF OBJECTION TO CLAIM NO. 4 OF GRASSMAN-MONTGOMERY ENTERPRISES |

Grasman-Montgomery Enterprises' response to the Williamsons' objection to the claim fails to raise any issue of disputed material fact. The objection to claim should be sustained.

GME's response does not take issue with any of the facts presented in the objection. Critically, GME does not dispute that the fees awarded by Judge Downing related exclusively to the promissory note litigation and had nothing to do with enforcement of the deed of trust. Judge Downing concluded that the Williamsons "were ultimately unsuccessful in eliminating their overarching obligations under the Note that remained payable to GME. Accordingly, that prevailing party—GME—is entitled to its fees and costs in enforcing the Note." Final Award, Williamson Declaration Exhibit D, at pp. 13-14. GME would find it challenging to take any different position, since Mr. Milburn in his declaration

REPLY IN SUPPORT OF OBJECTION TO CLAIM - Page 1 of 3

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD    Doc 59    Filed 08/06/19    Ent. 08/06/19 10:10:59    Pg. 1 of 3

(Williamson Exhibit E) had stated that the "vast majority" of billed time related to the note, and in his hearing brief (Williamson Exhibit F) stated that he "did not take a single step to initiate a non-judicial foreclosure."

The parties are reading the same documents, but coming to different legal conclusions. GME's reading is incorrect. The fees were awarded under a fee-shifting provision of the promissory note. The note (at ¶ 5) says that the fees get added to the note principal. The deed of trust provides that only $100,000 of the promissory note is secured. Thus, any principal amount owed under the note that exceeds $100,000 falls outside of the security interest in the real property.

GME emphasizes language in the deed of trust allowing for fees. Those deed of trust provisions plainly relate to fees incurred in connection with enforcement of rights against the collateral. Section 32 relates to fees incurred in protecting the beneficiary's interest under the deed of trust. Section 33 relates to reimbursement of expenses related to the real property (not just fees but also taxes or payment of senior lien positions) necessitated by a default.

GME's problem, however, is that the actual fees at issue were not incurred in enforcing rights under the deed of trust. That there had been claims asserted in a complaint related to the deed of trust is unimportant. The issue is whether the fees awarded by the arbitrator were in fact incurred in connection with enforcement of rights against GME's collateral. They were not. GME took no action to enforce the deed of trust. GME's litigation efforts that resulted in the fee award related solely to the note. The deed of trust caps the amount securing the note at $100,000.

GME does not really take issue with the Williamsons' argument regarding the proper rate of postdefault interest. The deed of trust explicitly provides for a 4.5% rate following default. The arbitration award does not provide for any different rate.

REPLY IN SUPPORT OF OBJECTION TO CLAIM - Page 2 of 3

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD    Doc 59    Filed 08/06/19    Ent. 08/06/19 10:10:59    Pg. 2 of 3

GME argues that the arbitration award would have become a judgment entitled to 12% statutory interest if the judgment had been recorded, but that the "intervening bankruptcy filing" precluded recordation. Response at 6:18. Even if (notwithstanding the plain language to the contrary in the deed of trust) a recorded judgment would have boosted the interest rate to 12%, the arbitration award was obtained in late November 2017 but the bankruptcy filing was not until February 2, 2018. GME had about two months to record the award. It is hard to see how the bankruptcy filing "intervened" in a way that prevented GME from converting the award to a recorded judgment.

The claim should therefore be allowed as a secured claim for $100,000 plus postdefault interest at 4.5%. The remainder of the claim is unsecured.

DATED August 6, 2019.

WENOKUR RIORDAN PLLC

*/s/ Alan J. Wenokur*

---
Alan J. Wenokur, WSBA #13679
Attorneys for Debtors

REPLY IN SUPPORT OF OBJECTION TO CLAIM - Page 3 of 3

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD    Doc 59    Filed 08/06/19    Ent. 08/06/19 10:10:59    Pg. 3 of 3