|   |   |
|---|---|
|   | The Honorable Timothy W. Dore |
|   | Chapter 7 |
|   | Hearing: October 11, 2019, 9:30 a.m. |
|   | Seattle |
|   | Response due: October 4, 2019 |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| IN RE: | NO. 18-10441 |
| THOMAS RAOUL WILLIAMSON and JUDITH AYA WILLIAMSON, | NOTICE OF HEARING AND DEBTORS' MOTION TO COMPEL ABANDONMENT OF RESIDENTIAL REAL PROPERTY |
| Debtors. | (6506 38th Ave. SW, Seattle) |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that this Motion IS SET FOR HEARING as follows:

**JUDGE**: Timothy W. Dore          **DATE:** October 11, 2019

**PLACE**: U.S. Bankruptcy Court          **TIME**: 9:30 a.m.
700 Stewart, Room 8106
Seattle, WA 98101

IF YOU OPPOSE the Motion, you must file your written response with the Court Clerk, 700 Stewart St., Room 6301, Seattle, Washington 98101, and serve your response, NOT LATER THAN THE RESPONSE DATE, which is **October 4, 2019. If no response is timely filed and served, the Court may, in its discretion, grant the motion prior to the hearing, without further notice, and strike the hearing.**

NOTICE OF HEARING AND MOTION - Page 1 of 3

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

# MOTION TO COMPEL ABANDONMENT

Thomas Williamson and Judith Williamson, Chapter 7 Debtors, through their undersigned attorney, moves for entry of an order compelling the Chapter 7 Trustee Nancy James to abandon all interest in the residential real property located at 6506 38th Ave. SW, Seattle, Washington (the "Property"). The Property is burdensome and has no value and benefit for the bankruptcy estate. This Motion is supported by the Declaration of Judith Williamson.

The Debtors filed this Chapter 7 case on February 2, 2018. On that date, they resided in the Property. They valued the Property at $721,782 on their bankruptcy schedules, and claimed a homestead exemption of $125,000 under Washington law. No objection was filed to the exemption claim.

The Trustee employed a realtor and listed the Property for sale in April 2018. The Property was taken off the market in May 2018. It has not been listed for sale since that time. The Debtors stopped making payments on secured debt against the Property when they filed bankruptcy, although they continue to pay expenses for utilities and maintenance.

There are two consensual liens against the Property: (1) a first position deed of trust in favor of Bank of America, with an outstanding principal balance of approximately $361,310, and accumulated unpaid interest of approximately $60,000; and (2) a second position deed of trust in favor of Grasman-Montgomery Enterprises, with (per Bankruptcy Court order at Doc. 62) a balance of $116,466.16 as of the date of the bankruptcy filing including prepetition interest, and with interest accruing at 4.5%.

The Debtors do not believe the Property has appreciated in value since the date of bankruptcy. Assuming a sales price of approximately $720,000, and after subtracting costs of sale of approximately $65,000, the Trustee's statutory fees of approximately $33,000, and secured debt of about $540,000, there would be insufficient funds to pay in full the Debtors' $125,000 homestead exemption, and certainly no money available to make any distribution on unsecured claims.

NOTICE OF HEARING AND MOTION - Page 2 of 3

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD    Doc 65    Filed 09/20/19    Ent. 09/20/19 10:14:24    Pg. 2 of 3

Further, the Property has some deferred maintenance that should be done before it is placed on the market. The needed work includes painting, new carpet, and hardwood refinishing.

The Trustee has taken no known action to list the Property for sale in the last 16 months. The Trustee has not otherwise administered any assets in this estate and is holding no funds for creditors. The Property should be abandoned, with the bankruptcy case then proceeding to close.

11 USC § 554(b) provides that after notice and hearing, the "court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." The Debtors are entitled to an abandonment order under this statute. The Property has no value and benefit for the bankruptcy estate because it cannot be sold for a price that would generate funds for unsecured creditors. The Property is burdensome, in that there are ongoing utilities and maintenance obligations that are being met only because the Debtors are paying them, while the bankruptcy estate has no funds.

This Motion should be granted. A proposed order is attached.

DATED September 20, 2019.

WENOKUR RIORDAN PLLC

*/s/ Alan J. Wenokur*

_____
Alan J. Wenokur, WSBA # 13679
Attorney for Debtors

NOTICE OF HEARING AND MOTION - Page 3 of 3

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD    Doc 65    Filed 09/20/19    Ent. 09/20/19 10:14:24    Pg. 3 of 3