**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| IN RE: | NO. 18-10441 |
| THOMAS RAOUL WILLIAMSON and JUDITH AYA WILLIAMSON, | DEBTORS' MOTION FOR CIVIL CONTEMPT FOR VIOLATIONS OF BANKRUPTCY DISCHARGE |
| Debtors. | *And* NOTICE OF HEARING |

Thomas and Judith Williamson, Chapter 7 Debtors, through the undersigned counsel, respectfully asks this Court to hold Creditor Grasman-Montgomery Enterprises, Inc. ("GME"), and its attorneys, Scott Milburn and Advocates Law Group, PLLC, in civil contempt under 11 U.S.C. § 105(a) for violating the discharge injunction under § 524 of the United States Bankruptcy Code.

### A. INTRODUCTION AND REQUEST FOR RELIEF

Following a contested hearing on the Debtors' objection to GME's claim, this Court determined that GME held a secured claim in the Debtors' real property for $116,466.16. The property was later abandoned, and this bankruptcy case was closed. The Debtors received their discharge in the ordinary course.

DEBTORS' MOTION FOR CIVIL CONTEMPT - Page 1 of 11

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Notwithstanding the discharge, GME has persisted in arguing to the state court that its secured claim exceeds the amount fixed by this Court, and has demanded additional money from the Williamsons as a condition to consenting to sale of the property. GME's refusal to consent to a payoff in the amount fixed by this Court has caused the Williamsons to lose a residential real property sale in the middle of this pandemic, and has cost them considerable sums in attorney's fees. The discharge violation continues, as GME now refuses to consent to a second sale at a reduced price, unless the Williamsons pay them more than this Court ordered.

GME's actions are an attempt to collect a discharged debt from the Williamsons personally. It is a violation of the discharge injunction of 11 USC § 524(a).

This Court may impose civil contempt sanctions under § 524 against a creditor who violates the discharge injunction when there is no objectively reasonable basis for concluding that the creditor's conduct could have been lawful under the discharge order. *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801, 204 L. Ed. 2d 129 (2019). That standard is met here, justifying sanctions against GME for its ongoing refusal to permit the Williamsons to satisfy only the secured claim, despite GME's knowledge of the discharge injunction.

Accordingly, the Williamsons respectfully request that this Court hold GME in civil contempt, and order the following:

1. Require GME to immediately provide a payoff demand to escrow in connection with the Williamsons' pending sale set to close on May 20, for an amount equal to the state court judgment described below plus accrued interest, and provide all documents to escrow necessary to enable the Williamsons to convey clear title to their purchaser;

DEBTORS' MOTION FOR CIVIL CONTEMPT - Page 2 of 11

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

2. Provide that the payoff amount to GME shall be held back, and reduced by the Williamsons' damages herein, in an amount that is not less than $30,000 plus the post-bankruptcy attorney's fees the Williamsons have incurred in defending against GME's post-bankruptcy actions, and granting leave to counsel to submit a declaration itemizing the fee damages incurred.

## B. FACTUAL AND PROCEDURAL BASIS FOR MOTION

The Williamsons filed their Chapter 7 bankruptcy case on February 2, 2018, and obtained their discharge on May 10, 2018.

GME filed a secured proof of claim. The Williamsons objected, on the basis that the deed of trust held by GME was limited to $100,000, yet GME was asserting a secured claim in excess of $100,000, including a claim for close to $70,000 additional in attorney's fees. Doc. 55. An order was entered allowing GME's secured claim for $116,466.16, with interest to accrue on that amount. Doc. 62. A transcript of the Court's oral ruling ("Transcript") is attached to the supporting Declaration of Alan Wenokur as Exhibit A, and is also at Doc. 72. GME did not appeal this order.

After the Court determined GME's claim, the Williamsons moved for abandonment of the subject real property. Doc. 65. The motion was granted (Doc. 71), and the case was thereafter closed without distribution to creditors.

At the time of the Williamsons' bankruptcy filing, GME and the Williamsons had litigation pending in King County Superior Court. That litigation was put on hold by the bankruptcy filing. After the bankruptcy case closed, GME brought a motion in state court to reactivate the litigation and seek an order authorizing foreclosure of the property.

DEBTORS' MOTION FOR CIVIL CONTEMPT - Page 3 of 11

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

GME then brought a motion for summary judgment. Wenokur Declaration Exhibit B.[1] But GME did not ask to enter a judgment for the claim amount fixed by this Court. Instead, it asked the state court to award an additional $119,467.14 on top of the $116,000 judgment, for a total asserted secured claim of about $246,000.

Needless to say, the Williamsons opposed the request on the basis that this Court had already fixed the claim amount, and the doctrine of issue preclusion prevented the state court from revisiting the issue. The Williamsons took strong issue with GME's position that the state court did not have to follow the rulings of a federal bankruptcy court on this claim, and that this Court had not actually addressed the issue of whether fees could be added to the secured claim amount.

Following hearing, King County Superior Court Judge Andrea Darvas agreed with the Williamsons, ruling that the Bankruptcy Court had already decided the issues raised by GME. She entered a judgment and decree of foreclosure, as an in rem judgment only, for $126,593.14. Wenokur Declaration Exhibit C.

GME filed a motion for reconsideration. Wenokur Dec. Exh. D. This time it sought not $67,000 in fees, or $119,467 in fees, but $152,369 in fees, including "at least $58,068 in postpetition fees." It argued that the bankruptcy court ruling was "not relevant." Judge Darvas denied the motion for reconsideration, concluding that the bankruptcy court had understood that GME was claiming fees on top of the $100,000 as a secured claim, the bankruptcy court had rejected that argument, and the Williamsons' unsecured debt had been discharged. Wenokur Dec. Exh E.

GME has filed a notice of appeal to the Washington Court of Appeals. It has also filed a motion for supersedeas, requesting that Judge Darvas order that proceeds of any sale beyond the amount that

---

[1] Because the state court filings are voluminous, only the principal pleadings are being filed with this Court.

DEBTORS' MOTION FOR CIVIL CONTEMPT - Page 4 of 11

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

would pay in full GME's judgment should be withheld from the Williamsons pending resolution of the appeal. Wenokur Dec. Exh. F. This motion is now pending. It will be opposed.

In addition to moving to reconsider and then appealing, GME obtained an order setting a sheriff's sale of the property. That order was later quashed on the Williamsons' motion because it was obtained before the 10-day stay on execution on judgments had passed. Wenokur Dec. Exh. G.

While the sheriff's sale was pending, the Williamsons obtained and accepted an offer for sale of the subject property for $750,000. The scheduled closing date was March 27. The sale price was more than sufficient to pay both the senior consensual lienholders and the GME judgment of $126,593 in full, and send money to the Williamsons as sellers.

On March 10, 2020, GME and Mr. Milburn were sent a request for a payoff. Mr. Milburn acknowledged receipt of the request. Having heard nothing by March 18, counsel sent a follow-up email to Mr. Milburn, advising that delay may cause the sale not to close and subject GME to a damage claim.

By March 20, with no action taken by GME, closing on March 27 was definitely in jeopardy. Another email was sent to Mr. Milburn, specifically advising that failure to submit a payoff for only the amount ordered as a secured claim would be considered a violation of the bankruptcy discharge injunction. These emails are collected at Wenokur Dec. Exh. H.

GME refused to provide a payoff demand to escrow for the $126,593, and refused to provide to escrow the reconveyance and other documents necessary to allow the sale to close and provide clear title to the buyer. Instead, on March 22, GME insisted that it had the right to sell the property at a sheriff's sale, and could pocket any surplus from the sale after its judgment was paid. GME, through Mr. Milburn, offered to pursue a "settlement" where either GME received additional money from the private sale beyond its judgment amount, or would take a deed in lieu of foreclosure in return for payment to the

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Williamsons "of some amount of cash." These emails and follow-on replies discussed below are at Wenokur Dec. Exh. I.

Counsel advised Mr. Milburn that his demanding more than his client's judgment amount as a condition of sale was an attempt to collect an unsecured debt in violation of the bankruptcy discharge, Mr. Milburn responded that his client had a right to foreclose, could acquire the property at sale, and that would be a better option than the Williamsons "profiting off the property."

GME offered to allow the sale to take place, but only if GME received sale proceeds equal to the amount of its judgment with the balance that otherwise would go to the Williamsons held back until GME could appeal Judge Darvas's ruling and seek to impress the Williamsons' proceeds with its claim for additional attorney's fees. Mr. Milburn was again advised in response that he was violating the discharge.

Unfortunately the sale for $750,000 did not close, because title could not clear by the closing date of March 27. The buyer would not agree on an extension. Title did not clear because GME would not agree to provide a release in return for full satisfaction of the judgment.

The Williamsons put the property back on the market in a now much more challenging economic environment. They now have an offer pending for $720,000, $30,000 less than the purchase price on the sale that did not close. As before, they cannot close unless GME agrees to accept payment in full of its judgment in return for a reconveyance of the deed of trust. GME has so far refused to do so.

## C. ARGUMENT

### 1. The Court has jurisdiction to rule on this request in a closed case.

The Bankruptcy Code provides this Court with jurisdiction to decide this motion. 28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil

DEBTORS' MOTION FOR CIVIL CONTEMPT - Page 6 of 11

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 157(a) allows district courts to refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . to the bankruptcy judges for the district." The United States District Court for the Western District of Washington has referred "all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to cases under Title 11" to bankruptcy judges. General Local Rule W.D. Wash. 7(1.01).

Claims to enforce a discharge injunction under 11 U.S.C. § 105(a) arise under Title 11. To remedy a violation of a bankruptcy court's discharge order, a debtor may bring civil contempt proceedings in the bankruptcy court that issued the order. *In re Cline*, 282 B.R. 686, 690 (W.D. Wash. 2002). The Ninth Circuit has ruled that after dismissal the bankruptcy court has ancillary jurisdiction to "interpret" and "effectuate" its orders. *In re Taylor*, 884 F.2d 478, 481 (9th Cir. 1989). Accordingly, although the Debtors' bankruptcy case is closed, this Court retains jurisdiction to effectuate its orders.

**2. This Court has the authority to enter a civil contempt order.**

Bankruptcy courts have broad equitable power to hold creditors and their attorneys in civil contempt for violating discharge injunctions. 11 U.S.C. § 524(a) & § 105(a). Section 524 provides that a discharge order "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset" a discharged debt. Section 105 authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." "Included in the court's inherent powers are civil contempt power and the inherent power to sanction vexatious conduct presented before the bankruptcy court." *In re Roman*, 283 B.R. 1, 13 (B.A.P. 9th Cir. 2002).

DEBTORS' MOTION FOR CIVIL CONTEMPT - Page 7 of 11

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

The discharge injunction under § 524(a) "seeks to bind creditors over a much longer period. *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1804, 204 L. Ed. 2d 129 (2019). "The purpose of the discharge injunction is to protect the debtor from having to put on a defense in an improvident state court action or otherwise suffer the costs, expense and burden of collection activity on discharged debts." *In re Eastlick*, 349 B.R. 216, 229 (Bankr.D. Idaho 2004). The United States Supreme Court has confirmed that bankruptcy courts may hold a creditor in civil contempt when the creditor attempts to collect a debt in violation of a bankruptcy discharge order. *Taggart*, 139 S. Ct. at 1801.

**3. The Williamsons meet the standard for a contempt order in this matter.**

To justify sanctions, the debtor must show that the creditor (1) knew the discharge injunction was applicable, and (2) intended the actions which violated the injunction. *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002). "[A] court may hold a creditor in civil contempt for violating a discharge order if there is no fair ground of doubt as to whether the order barred the creditor's conduct." *Taggart*, 139 S. Ct. at 1799. A motion for civil contempt allows a debtor to obtain compensatory damages, attorney's fees, and the creditor's compliance with the discharge injunction. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 506 (9th Cir. 2002).

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

All of the elements of contempt are present here. First, the Williamsons' discharge, coupled with the Court's order on the GME claim, prohibited GME from asserting a secured claim in the Williamsons' real property for an amount greater than $116,466.16, or seeking any money from the

DEBTORS' MOTION FOR CIVIL CONTEMPT - Page 8 of 11

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Williamsons personally in excess of that amount. Plaintiff and its attorney without question sought to violate this Court's Order on Claim by seeking a higher amount in state court and wrongfully contending that the state court judge did not have to honor this Court's order.

Further, even after Judge Darvas agreed that she was bound by this Court, and entered an *in rem* judgment for $116,466.16 plus interest, GME insisted that it could collect more from that portion of the property that exceeded the allowed secured claim. GME plainly tried to collect from the Williamsons personally.

Second, GME violated the Court's Order on Claim and Discharge knowingly. Mr. Milburn represented GME before this Court. He argued the claim objection on behalf of GME and was well aware of the outcome. He was repeatedly told that GME's refusal to submit a payoff equal to the judgment amount would be considered a discharge violation. But GME and its counsel continued to take the position that it could recover more, even holding the March sale hostage by demanding in the March 22 email a "settlement" amount exceeding the judgment amount as a condition to permitting the sale to go forward.

This is a knowing and intentional violation of the injunction. *In re Bennett*, 298 F.3d at 1069 ("[T]o justify sanctions, the movant must prove the creditor (1) knew the discharge injunction was applicable, and (2) intended the actions which violated the injunction.").

Third, there is no fair ground of doubt over whether the Order on Claim and the Discharge barred GME from pursuing a secured claim greater than the amount fixed by this Court. GME's attorney knew exactly what he was doing when he violated the discharge injunction. That violation is ongoing, since as of this writing GME and Mr. Milburn are refusing to provide a payoff for the $720,000 sale.

DEBTORS' MOTION FOR CIVIL CONTEMPT - Page 9 of 11

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

**4. The Court should tailor appropriate relief to remedy GME's violations.**

Bankruptcy Code § 105 provides that this Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Compensatory damages, attorney's fees, "and the offending creditor's compliance" are adequate remedies under § 105. *In re Dyer*, 322 F.3d 1178, 1193 (9th Cir. 2003); *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 507 (9th Cir. 2002). The Ninth Circuit has "emphasize[d] that attorneys' fees are an appropriate component of a civil contempt award." *Id*. at 1195.

To ensure that GME complies with the discharge injunction, the Williamsons request this Court order GME to provide a payoff demand to escrow on the pending sale, equal to the amount of its judgment plus the interest provided for by the judgment, and provide the necessary request for full reconveyance and any other documents escrow requires in order to permit clear title to be conveyed to the purchaser.

Further, this Court should direct that the payment that would otherwise go to GME at closing be held back so that the Court may assess damages against GME and its counsel, and recover the same from the proceeds payable to GME. These damages are equal to the $30,000 decline in sale price directly attributable to GME's and Mr. Milburn's actions, and all attorney's fees incurred in defending against GME's improper actions in state court, in an amount to be proven by subsequently filed declaration.

DATED April 24, 2020.

WENOKUR RIORDAN PLLC

*/s/ Alan J. Wenokur*

_____
Alan J. Wenokur, WSBA #13679
Attorneys for Debtors

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

# NOTICE OF HEARING

PLEASE TAKE NOTICE that the above Motion IS SET FOR HEARING as follows:

**JUDGE**: Timothy W. Dore      **DATE:** May 15, 2020

**PLACE**: U.S. Bankruptcy Court      **TIME**: 9:30 a.m.
**TELEPHONIC HEARING**
Dial: 1-888-363-4749
Enter Access Code: 2762430#
Press the # sign
Enter Security Code when prompted: 5334#
Speak your name when prompted

IF YOU OPPOSE the Motion, you must file your written response with the Court Clerk, 700 Stewart St., Room 6301, Seattle, Washington 98101, and serve your response, NOT LATER THAN THE RESPONSE DATE, which is **May 8, 2020.**

**If no response is timely filed and served, the Court may, in its discretion, grant the motion prior to the hearing, without further notice, and strike the hearing.**

DEBTORS' MOTION FOR CIVIL CONTEMPT - Page 11 of 11

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)