THE HONORABLE TIMOTHY W. DORE
CHAPTER 7
Hearing: May 15, 2020, 9:30 a.m.
Telephonic hearing

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

In Re:

THOMAS RAOUL WILLIAMSON and
JUDITH AYA WILLIAMSON,

    Williamsons

CASE No. 18-10441-TWD

OPPOSITION TO MOTION FOR CONTEMPT

Grasman-Montgomery Enterprises, Inc. opposes the motion for contempt brought by the Williamsons. The only issue raised in their motion that is legitimately before this Court is whether GME's claim that the deed of trust on the property that is the subject of this motion secures attorneys' fees violates the discharge injunction of 11 USC § 524(a). The other claims raised in the motion are not within this Court's jurisdiction and should be ignored.

**Attorneys' fees**

The Williamsons completely mischaracterize the nature of the ongoing litigation to which they object. That litigation has had nothing to do with any discharged debt, thus it does not implicate the discharge injunction. The litigation has addressed solely the question of whether the deed of trust on real property that was abandoned from their bankruptcy estate secures attorneys' fees under the terms of the deed of trust. As GME stated in its reply on summary

OPPOSITION TO MOTION FOR CONTEMPT - 1

**Advocates Law Group, PLLC**
Scott Milburn
Suite 2276
22525 SE 64th Pl
Issaquah, WA 98027
(206) 890-0491

judgment, the only contested issue was "whether the attorneys' fees associated with protecting GME's interest are secured by the deed of trust."

In the proceeding before this Court, the Court ruled that the deed of trust secured only $100,000 of the principal of the promissory note, plus interest, but it did not secure attorneys' fees due under the promissory note. The Court explicitly acknowledged in its oral findings and conclusions, however, that while it was ruling that the deed of trust did not secure fees incurred under the *promissory note* provisions, there are provisions in the *deed of trust* itself that could independently give rise to a secured claim for attorneys' fees. As the Court acknowledged during the hearing, "Sections 32, 33, and 35 are the other sections of the deed of trust that might provide an independent basis for including some attorney's fees as part of the claim." (Transcript p. 15, 9-11.)

This Court was clearly not ruling that attorneys' fees could not under any circumstances become part of the secured claim; quite the contrary – the Court was acknowledging that the secured claim might indeed include attorneys' fees based on the deed of trust provisions. While the Court observed that there was no evidence before it as to the amount of fees related to protecting the collateral or the beneficiary's interest, that evidence was presented to the superior court in the foreclosure action.

The question of whether attorneys' fees are secured by the deed of trust provisions, and the secured amount, is exactly what GME has been arguing in the superior court proceeding, and it has nothing to do with discharged debt.

The deed of trust explicitly secures "Additional Fees," which include attorneys' fees with interest at 4.5% compounded monthly. (Paragraph 32.) Further, failure to pay the Additional

OPPOSITION TO MOTION FOR CONTEMPT - 2

**Advocates Law Group, PLLC**
Scott Milburn
Suite 2276
22525 SE 64th Pl
Issaquah, WA 98027
(206) 890-0491

Case 18-10441-TWD    Doc 77    Filed 05/08/20    Ent. 05/08/20 15:49:19    Pg. 2 of 8

Fees themselves constitutes a default under the deed of trust, in addition to failure to pay the principal. (Paragraph 28.) Thus, the attorneys' fees being sought as part of the foreclosure are created in the deed of trust, not the promissory note. In addition, in the event of default, the beneficiary has the right to pursue foreclosure for all amounts owed under the deed of trust, including the Additional Fees. (Paragraph 36.)

Nowhere in the deed of trust is there any language that states that the deed of trust does not secure the Additional Fees that are explicitly listed as additional obligations owed by the trustor and secured by the deed of trust, and whose failure to pay constitutes default under the deed of trust.

The litigation over attorneys' fees addresses solely whether the terms of the deed of trust secure any of those fees, as this Court acknowledge they might, so it does not conflict with this Court's previous ruling or the discharge injunction. GME is not in contempt.

Williamsons also complain that GME requested "at least $58,068.38 in post-petition fees." That is true, because GME also argued to the superior court that Section 506(b) of the Bankruptcy Code specifically provides that if a creditor has an over-secured claim (i.e., the value of the creditor's collateral exceeds the secured claim on the date the debtor filed bankruptcy), then the creditor is allowed a claim for post-petition interest and any reasonable fees, costs, or charges provided under the loan documents. 11 USC § 506(b). The Ninth Circuit has similarly recognized that Section 506(b) defines "the portion of the [post-petition] fees which shall be afforded secured status," which is all the post-petition fees up to the value of the collateral. *In re SNTL Corp.*, 571 F. 3d 826, 841 (9th Cir 2009). Here, the value of the collateral exceeded the secured balance as of the date of the petition (and today), and the deed of trust provides for

OPPOSITION TO MOTION FOR CONTEMPT - 3

**Advocates Law Group, PLLC**
Scott Milburn
Suite 2276
22525 SE 64th Pl
Issaquah, WA 98027
(206) 890-0491

Case 18-10441-TWD    Doc 77    Filed 05/08/20    Ent. 05/08/20 15:49:19    Pg. 3 of 8

attorneys' fees as additional secured amounts, so under Section 506(b) the post-petition fees are allowed as a secured claim. Again, this has nothing to do with discharged debt.

Responding to one point the Williamsons make, GME did point out to the superior court that this Court's ruling was not necessarily binding on it, because "state courts are not bound by federal court interpretations of state statutes." *In re Elliott*, 74 Wn.2d 600, 602, 446 P.2d 347 (1968), cited by *Fed. Home Loan Bank of Seattle v. Credit Suisse Sec. (USA), LLC*, 194 Wash. 2d 253, 268, 449 P.3d 1019, 1026 (2019). The interpretation of the deed of trust language is a state contract and state statutory law issue, thus the superior court is not bound a federal court ruling on that state law issue.

In sum, GME is entitled to seek attorneys' fees under the terms of the deed of trust, consistent with this Court's findings and conclusions that fees might be secured by the deed of trust provisions, and that claim does not impact the discharge. The motion for contempt should be denied. Additionally, the Court should confirm that at least the post-petition fees can be secured by the deed of trust, up to the amount of equity in the property, pursuant to 11 USC § 506(b).

**Other claims**

The Williamsons raise several alleged issues related to the property post abandonment – that GME sought to negotiate a settlement of the attorneys' fee claim through a sharing of the net proceeds of the sale of the abandoned property, and that GME failed to cooperate in the sale process. Neither issue is subject to the jurisdiction of this Court.

Once the property was abandoned, it was no longer an asset of the bankruptcy estate, and this Court retained no further jurisdiction over it.

OPPOSITION TO MOTION FOR CONTEMPT - 4

**Advocates Law Group, PLLC**
Scott Milburn
Suite 2276
22525 SE 64th Pl
Issaquah, WA 98027
(206) 890-0491

> Property abandoned under § 554 ceases to be part of the estate, and it reverts to the debtor and stands as if no bankruptcy petition was filed. *In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990). Once the Real Property ceases to be a part of the bankruptcy estate, this Court lacks jurisdiction over the property, *In re Gardner*, 913 F.2d 1515 (10th Cir. 1990), and the Debtor is free to deal with the Real Property without concern for the bankruptcy laws.

*In re Rich*, 510 B.R. 366 (Bankr. D. Utah 2014). Thus, this Court has no jurisdiction to consider any issues related to the property post-abandonment. Even if the Court were to consider the issues, they have no merit.

The assertion that GME improperly "demanded" more money from the Williamsons to consent to a sale is specious. The parties have an ongoing dispute over whether GME is entitled to additional proceeds of sale of the abandoned home, based on whether the deed of trust secures attorneys' fees. GME did suggest the parties could settle the dispute by sharing the excess proceeds, but that was neither a demand nor did it relate to an asset of the estate, thus the Williamsons and GME are free to negotiate any resolution of the dispute over attorneys' fees using the equity in the property because that is not subject to the jurisdiction of this Court post-abandonment.

The Williamsons also assert that GME failed to cooperate in the sale of the property that was scheduled to close in March. That is untrue. The Williamsons make two basic claims – GME failed to supply a payoff amount to the escrow agent, and GME did not provide escrow the documents necessary to close the transaction. Neither is true.

As described in the declaration of Scott Milburn, a few days before closing the parties worked out an agreement that would have none of the proceeds paid to GME at closing, and the Williamsons' attorney informed the closing agent of the existence of the agreement and the fact that she would not be distributing any of the sale proceeds to GME. Consequently, there was no

OPPOSITION TO MOTION FOR CONTEMPT - 5

**Advocates Law Group, PLLC**
Scott Milburn
Suite 2276
22525 SE 64th Pl
Issaquah, WA 98027
(206) 890-0491

payoff figure for GME to provide because there was nothing being paid off, and to suggest otherwise is a blatant mischaracterization of the facts.

Similarly, GME was prepared to provide the necessary documentation and was just waiting confirmation from the escrow agent as to what she needed. When the Williamsons' attorney informed the closing agent of the agreement regarding the proceeds, he also requested that she confirm what documents she needed from GME to close the transaction. She responded that she would do so as soon as she heard back from the title company and knew exactly what the title company was requiring. Obviously, at that time the escrow agent was still uncertain what documents she needed, so naturally GME had no way of knowing exactly what to provide. Several days later, when the escrow agent had heard back from the title company, she started writing an email to the attorneys listing the documents she needed. As she was writing that email, she was informed by one of the realtors in the transaction that the deal was off. GME had been prepared to provide the necessary documents, and it was just waiting to get a confirmation from escrow as to what was needed, so it did not fail to act in a way that caused the deal to fall through.

The claim that GME caused the transaction not to close is a red herring.

Finally, the Williamsons request this Court to enter orders regarding the sale of the subject real estate. That property was abandoned by the trustee as an asset of the estate, thus the bankruptcy court no longer has jurisdiction over it. *In re Rich.* The property is now the subject of the jurisdiction of the superior court in the foreclosure action. Any issues regarding the sale of that abandoned property are far beyond this Court's ancillary jurisdiction to "interpret" and "effectuate" its orders. *In re Taylor*, 884 F.2d 478, 481 (9th Cir. 1989). Consequently, this Court

OPPOSITION TO MOTION FOR CONTEMPT - 6

**Advocates Law Group, PLLC**
Scott Milburn
Suite 2276
22525 SE 64th Pl
Issaquah, WA 98027
(206) 890-0491

lacks the authority to enter orders regarding the abandoned property that is within the state court's jurisdiction.

**Conclusion**

The motion for contempt should be denied.

Dated May 8, 2020, at Issaquah, Washington.

_____
Scott A. Milburn, WSBA #15355
Advocates Law Group, PLLC
22525 SE 64th Pl, Suite 2276
Issaquah, WA 98027
Telephone: (206) 890-0491
Email: smilburn@advocateslg.com

OPPOSITION TO MOTION FOR CONTEMPT - 7

**Advocates Law Group, PLLC**
Scott Milburn
Suite 2276
22525 SE 64th Pl
Issaquah, WA 98027
(206) 890-0491

Case 18-10441-TWD    Doc 77    Filed 05/08/20    Ent. 05/08/20 15:49:19    Pg. 7 of 8

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States, a resident of the state of Washington, over the age of 18 years and am not a party to the above-captioned action, and that on this May 8, 2020, I caused to be served, via the method indicated below, a true and correct copy of this Declaration of Scott Milburn upon the following:

Office of the U.S. Trustee
Nancy James
*(via Notice of Electronic Filing)*

Alan J. Wenokur
*(via Notice of Electronic Filing)*


*(via Notice of Electronic Filing)*

Dated this May 8, 2020.

/s/ Scott Milburn
Scott Milburn

OPPOSITION TO MOTION FOR CONTEMPT - 8

**Advocates Law Group, PLLC**
Scott Milburn
Suite 2276
22525 SE 64th Pl
Issaquah, WA 98027
(206) 890-0491