# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>THOMAS RAOUL WILLIAMSON and<br>JUDITH AYA WILLIAMSON,<br><br>Debtors. | NO. 18-10441<br><br>REPLY IN SUPPORT OF DEBTORS'<br>MOTION FOR CIVIL CONTEMPT<br>FOR VIOLATIONS OF<br>BANKRUPTCY DISCHARGE |

Grasman-Montgomery Enterprises, Inc. ("GME") holds only an *in rem* claim against the property, which claim is for a dollar amount fixed by this Court in a final non-appealed order, and reiterated by the state court in the form of a judgment. That GME is insistent that it can keep demanding from the Williamsons more than this Court permitted, as a condition of sale of that property, is plain evidence of an utter disrespect for this Court's orders and constitutes a discharge injunction violation.

As a direct result of its persistent failed attempts to achieve a result that is different than what this Court ordered, GME continues to cause the Williamsons considerable distress and monetary damages. GME obstinately refuses to acknowledge the clear effect of this Court's order on its claim. It

REPLY IN SUPPORT OF DEBTORS' MOTION FOR CIVIL CONTEMPT
- Page 1 of 6

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD   Doc 79   Filed 05/12/20   Ent. 05/12/20 13:44:57   Pg. 1 of 13

insists that this Court did not address an issue that was plainly considered and rejected. GME's ongoing litigation premised on its ignoring this Court's order, its belief that it is not required to take a payoff in a consensual sale, and its attempts to extract money from Mr. and Ms. Williamson, are contemptuous and subject to sanction.

When this Court fixed the dollar amount of GME's secured claim, it unequivocally addressed whether or not GME could get attorney's fees above the $100,000 secured-claim cap in the deed of trust. It ruled that GME could not get fees on top of the $100,000 principal. It spent a portion of its oral ruling (from p. 15 line 17 through page 17 line 5) rejecting GME's position that it could get fees based upon the independent provisions of the deed of trust. It was well aware of the effect of § 506(b), and allowed only accruing interest and not fees.

GME argued to Superior Court Judge Darvas that the Bankruptcy Court did not so rule. *See* the reply in support of summary judgment that Mr. Milburn has attached to his declaration in response to this contempt motion, at bottom of page 5. Judge Darvas rejected GME's position in entering a judgment on the same claim amount fixed by this Court (Wenokur Dec. Exhibit C to motion for sanctions). After GME moved for reconsideration, Judge Darvas spelled it out again, in writing, in her order denying that motion (Dec. Exhibit E):

> Reading Judge Dore's written Order regarding Claim of Grasman-Montgomery Enterprises together with his oral ruling, it seems clear that Judge Dore understood that Plaintiff was claiming attorney fees to enforce the DOT as a separate matter from attorney fees under the promissory note. Judge Dore allowed Plaintiff to recover $100,000 under the DOT as a secured claim, plus interest. However, he specifically disallowed recovery of attorney fees as a secured claim. The Defendants' unsecured debts were discharged by the Bankruptcy Court.

That order was entered on March 20, 2020.

REPLY IN SUPPORT OF DEBTORS' MOTION FOR CIVIL CONTEMPT - Page 2 of 6

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD    Doc 79    Filed 05/12/20    Ent. 05/12/20 13:44:57    Pg. 2 of 13

Yet on March 22, with a consensual sale pending and set to close by March 27, GME's counsel demanded by email (Dec. I) that the Williamsons "settle" by paying "a portion of the net proceeds" beyond the secured claim to his client, or else it would "simply await the auction" by the sheriff. On March 23, Mr. Milburn again insisted that his client would not accept a payment equal to the judgment amount in a consensual sale, and instead would bid on the property at a sheriff's foreclosure sale, because it would be "a far more equitable result than your clients profiting off the property" (*i.e.*, retaining the equity that exceeds GME's allowed secured claim).

GME appealed following denial of its motion for reconsideration, and sought a form of what it called "supersedeas security" (Dec. F) where GME's judgment would be paid in full but the remaining equity payable to the Williamsons would be held pending appeal—in effect requiring the prevailing party to post security. The Williamsons were forced to spend more money on fees to respond. On May 6, Judge Darvas denied GME's motion. A copy of that order is attached hereto.

GME insists in its response to the Williamsons' motion that its position in state court "has nothing to do with discharged debt." Opposition at 2:18. On the contrary, it has *everything* to do with the discharged debt. This Court determined the dollar amount of the secured claim. Any amount above that secured claim has been discharged. GME's ongoing litigation in Superior court, and now in the Court of Appeals, is nothing other than an attempt to nullify this Court's order on the GME claim and extort money from the Williamsons directly by interfering with their sale of their property.

GME notes (beginning at 4:3), apparently as justification for its position in state court, that it argued to Judge Darvas that she was not bound by your ruling because state courts need not follow federal court rulings. The case law cited in both state court briefing and now here refers only to the binding effect of federal interpretations of state *statutes*. Federal court rulings between the same parties

REPLY IN SUPPORT OF DEBTORS' MOTION FOR CIVIL CONTEMPT - Page 3 of 6

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD    Doc 79    Filed 05/12/20    Ent. 05/12/20 13:44:57    Pg. 3 of 13

regarding the same contract and same facts are binding in a later hearing in state court if they meet all the requirements under issue preclusion rules, as Judge Darvas concluded. That the first ruling was in federal court is of no import whatsoever.

GME argues that this Court lacks jurisdiction over issues related to property that has been abandoned and left the estate, and therefore cannot consider a contempt order related to abandoned property. That argument is unsupported by any authority. This Court's contempt power as to orders respecting property does not end when the property is abandoned. Indeed, case closing means that *all* property has left the estate, yet case law establishes that bankruptcy courts have jurisdiction after case closing to enforce its prior orders. In addition, the issue before this Court is not so much related to the property itself, but to GME's ongoing attempts to assert a claim that exceeds the amount of the allowed claim.

GME maintains that it did not improperly demand additional money from the Williamsons because the "parties have an ongoing dispute over whether GME is entitled to additional proceeds of sale" based upon the language of the deed of trust. Opposition at 5:7. The parties do not have an "ongoing" dispute; this Court settled the dispute with finality in August 2019 when it ruled on the claim objection and GME did not appeal. Repeating the same unsuccessful argument does not create an "ongoing dispute." Demanding more money in violation of the court's order constitutes contempt.

GME's defense that it was not the cause of the failure of the March 2020 sale is highly disingenuous. Any other secured creditor, upon being presented with a payoff and reconveyance request in a sale that fully satisfied the judgment with interest, would have done so. This secured creditor did not. Instead, even after the state court twice rejected its position on issue preclusion grounds, GME still

REPLY IN SUPPORT OF DEBTORS' MOTION FOR CIVIL CONTEMPT
- Page 4 of 6

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD    Doc 79    Filed 05/12/20    Ent. 05/12/20 13:44:57    Pg. 4 of 13

insisted it was entitled to more money and could take its judgment to a sheriff's sale if the Williamsons would not agree.

The emails reflect that Mr. Milburn received the payoff request on March 10. So why were the Williamsons desperately trying to get to some type of agreement with GME in late March that would hold the proceeds of sale? The answer is simple: GME would not agree to accept a payoff from a consensual sale absent money beyond its allowed secured claim being held back.

Mr. Milburn contending after the fact that his client was ready to go in late March, and that it was escrow's failure to get information to him that caused the sale to fail, is revisionist history. There was no holdback agreement signed. GME sent nothing to escrow. On March 10 there was plenty of time to send the payoff and reconveyance to escrow for a March 27 closing.

As of this writing, we are now eight days from the scheduled May 20 closing date for a new sale at $720,000, $30,000 less than the sale the Williamsons lost due to GME's refusal to behave like a lienholder and its insistence on additional money. The Williamson had to spend additional fees beating back the poorly considered "supersedeas" motion.

This Court surely has the authority to enforce its order on claim and the discharge order by insuring that GME provides payoff documents to escrow, and by issuing monetary sanctions for the lost sale and the considerable fees incurred by GME's behavior. The Williamsons ask that the Court set this matter over for a sanctions hearing, with leave to file additional materials on damages sustained.

In its Motion, the Williamsons also asked in furtherance of its order on the claim that the Court direct GME to immediately provide a payoff demand, reconveyance, and any other documents needed by escrow to permit the pending sale to close, and that the distribution from escrow to GME be held back pending assessment of any damages against GME. As counsel was finishing this Reply, Mr.

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Milburn forwarded his signature on an agreed order to send to Judge Darvas that would direct GME to cooperate in the closing of the sale set to close on May 20 and hold all funds pending further order of a court of competent jurisdiction or agreement of the parties. A copy of that proposed order is attached for the Court's reference. Assuming Judge Darvas signs this order, and GME complies with its terms, the need for this Court to direct GME to cooperate in the sale may be resolved. The issues raised regarding damages for GME's ignoring of this Court's prior order, however, are not resolved.

DATED May 12, 2020.

WENOKUR RIORDAN PLLC

*/s/ Alan J. Wenokur*
_____
Alan J. Wenokur, WSBA #13679
Attorneys for the Williamsons

REPLY IN SUPPORT OF DEBTORS' MOTION FOR CIVIL CONTEMPT
- Page 6 of 6

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD    Doc 79    Filed 05/12/20    Ent. 05/12/20 13:44:57    Pg. 6 of 13

# ATTACHMENTS

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

GRASMAN-MONTGOMERY ENTERPRISES, INC., an Alaska Corporation,

Plaintiff,

v.

THOMAS R. WILLIAMSON and JUDITH A. WILLIAMSON, husband and wife,

Defendants.

NO. 16-2-13484-0 KNT

ORDER DENYING PLAINTIFF'S MOTION FOR SUPERSEDEAS SECURITY

THIS MATTER came before this Court on the Motion for Supersedeas Security of Plaintiff/Appellant Grasman-Montgomery Enterprises, Inc. ("GME"), with respect to the appeal of the Court's February 24, 2020 Order, and in connection with the Defendants' property at 6506 35th Ave SW, Seattle, WA (the "Property"). The Court reviewed GME's Motion, the Williamsons' responsive materials, and GME's materials submitted in reply.

GME cites no authority for the proposition that a judgment *creditor,* who wishes to appeal based on its belief that the amount of its judgment should have been greater, can require the judgment *debtor* who prevailed at the trial court level to post a supercedeas bond or other security pending appeal. This Court likewise was unable to find any such authority in its review of Washington court rules and case law. Rather, the law allows an *appellant* who wishes to stay execution on a judgment

against it to post a supercedeas bond or other security that would be sufficient to satisfy the judgment against that appellant, in the event the judgment of the trial court is upheld on appeal.

"A supersedeas bond does not operate against a judgment but against its enforcement. The purpose of such a bond is to stay further proceedings, such as execution on a judgment, and to maintain the status quo." *Malo v. Anderson*, 76 Wash.2d 1, 5, 454 P.2d 828, 830 (1969). "The primary purpose of a supersedeas bond is to delay execution of the judgment while ensuring that the judgment debtor's ability to satisfy the judgment will not be impaired pending appeal." *Lampson Universal Rigging, Inc. v. Washington Pub. Power Supply Sys.*, 105 Wash.2d 376, 378, 715 P.2d 1131, 1132 (1986). See also, *Spahi v. Hughes-Nw., Inc.*, 107 Wash. App. 763, 769–70, 27 P.3d 1233, 1235–36 (2001).

Here, GME is not seeking a delay of execution on its judgment. On the contrary, GME is actively pursuing a judicial foreclosure to satisfy its judgment.[1]

It appears from the materials submitted by the parties that the Williamsons are willing to agree to hold proceeds from the current pending sale in trust pending appeal, so long as it applies to all sale proceeds. The Court would certainly entertain entry of an agreed order to this effect, but lacking such an agreement, it does not appear that this Court has legal authority to require the Williamsons to provide any surety in connection with GME's appeal. Therefore, it is hereby

ORDERED that Plaintiff's Motion for Supersedeas Security is DENIED.

DATED May 6, 2020.

*electronic signature attached*

/s/_____
Judge Andrea Darvas

---

[1] The Court makes no findings concerning the Williamsons' allegation that GME had a role in the failure of the Williamsons' sale of the real property in which GME holds a security interest.

# King County Superior Court
## Judicial Electronic Signature Page

Case Number: 16-2-13484-0
Case Title: GRASMAN MONTGOMERY ENTERPRISES INC VS WILLIAMSON
Document Title: ORDER DENYING PLFF MOT FOR SUPERCEDEAS

Signed by: Andrea Darvas
Date: 5/6/2020 11:27:40 AM

*/s/ Andrea Darvas*

Judge/Commissioner: Andrea Darvas

This document is signed in accordance with the provisions in GR 30.
Certificate Hash: A0508A9EC49C5AD88584C7F2E36F1D39ADCAE781
Certificate effective date: 7/16/2018 2:36:32 PM
Certificate expiry date: 7/16/2023 2:36:32 PM
Certificate Issued by: C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA, O=KCDJA, CN="Andrea Darvas: XHze8QrS5hGvaMX2AFk6yQ=="

Page 3 of 3

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

GRASMAN-MONTGOMERY ENTERPRISES, INC., an Alaska Corporation,

Plaintiff,

v.

THOMAS R. WILLIAMSON and JUDITH A. WILLIAMSON, husband and wife,

Defendants.

NO. 16-2-13484-0 KNT

AGREED ORDER ON DISTRIBUTION OF SALE PROCEEDS

THIS MATTER came before this Court on the Motion for Supersedeas Security of Plaintiff/Appellant Grasman-Montgomery Enterprises, Inc. ("GME"), with respect to the appeal of the Court's February 24, 2020, order, and in connection with the Defendants' property at 6506 35th Ave SW, Seattle, WA (the "Property"). The Court denied GME's Motion, but indicated that it would entertain an agreed order pending appeal. The parties having entered into such an agreement by the signatures of counsel below, now, therefore, it is hereby

ORDERED that sale of the Property will be handled upon the following conditions:

ORDER - Page 1 of 3

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD    Doc 79    Filed 05/12/20    Ent. 05/12/20 13:44:57    Pg. 11 of 13

1. GME agrees to and shall cooperate in the consensual sale of the Property under the terms of a pending purchase and sale agreement set to close on May 20, 2020, or as extended, or on any other consensual sale of the Property obtained by the Williamsons for which there are net proceeds sufficient to satisfy in full the judgment awarded to GME, provided, however, that GME is not required to cooperate in a consensual sale if one is not scheduled to close prior to the Sheriff selling the property pursuant to the Court's order

2. At such sale, escrow will disburse proceeds from sale to the costs of closing and to the two senior consensual liens.

3. No money shall be distributed from such sale to GME or the Williamsons at closing. Instead, all net proceeds after payment of the senior liens, which would otherwise be disbursed to GME and to the Williamsons, shall be disbursed to the IOLTA account of Wenokur Riordan PLLC.

4. GME shall execute whatever documents are needed to convey clear title to the buyer. These documents would include a release of the lis pendens, a reconveyance of the deed of trust, and any order and/or notice terminating any pending sheriff's sale, with all such documents to be provided to escrow within two business days following entry of this order.

5. All of the affected proceeds shall be held in the Wenokur Riordan consolidated IOLTA account, with no interest accruing, until the earliest of these events: (a) written agreement of the parties to disburse; or (b) an order of a court of competent jurisdiction directing disbursement.

DATED May ____, 2020.

_____
Hon. Andrea Darvas
King County Superior Court

ORDER - Page 2 of 3

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD    Doc 79    Filed 05/12/20    Ent. 05/12/20 13:44:57    Pg. 12 of 13

Presented by:

WENOKUR RIORDAN PLLC

_____
Alan J. Wenokur, WSBA # 13679
Attorney for Defendants


ADVOCATES LAW GROUP PLLC

_____
Scott A. Milburn, WSBA # 15355
Attorney for Plaintiff

ORDER - Page 3 of 3

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 18-10441-TWD    Doc 79    Filed 05/12/20    Ent. 05/12/20 13:44:57    Pg. 13 of 13